TOWNSEND AND TOWNSEND AND CREW LLP
GREGORY S. GILCHRIST (Bar # 111536)
GIA L. CINCONE (Bar # 141668)
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: gsgilchrist@townsend.com, glcincone@townsend.com

Attorneys for Plaintiff
LEVI STRAUSS & CO.

E-filing

MHP

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LEVI STRAUSS & CO.,

          Plaintiff,

        v.

TOPSON DOWNS OF CALIFORNIA, INC.,

          Defendant.

Case No. **C 07 2764**

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND DILUTION (INJUNCTIVE RELIEF SOUGHT)**

**JURY TRIAL DEMAND**

    Plaintiff Levi Strauss & Co. ("LS&CO.") complains against defendant Topson Downs of California, Inc. ("Topson") as follows:

**JURISDICTION, VENUE AND INTRA-DISTRICT ASSIGNMENT**

    1.    Plaintiff's first, second and third claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Federal Trademark Dilution Act of 1995 (15 U.S.C. §§ 1051, et seq.). This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1121 (Lanham Act). This Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367.

    2.    LS&CO. is informed and believes that venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant transacts affairs in this district and because a substantial part of the events giving rise to the claims asserted arose in this district.

1    3.    Intra-district assignment to any division of the Northern District is proper under Local

2    Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

3                                                    **PARTIES**

4    4.    LS&CO. is a Delaware corporation with its principal place of business at Levi's Plaza,

5    1155 Battery Street, San Francisco, California 94111. Operating since approximately the 1850's,

6    LS&CO. is one of the oldest and most well known apparel companies in the world. It manufactures,

7    markets and sells a variety of apparel, including its traditional denim blue jean products.

8    5.    LS&CO. is informed and believes that defendant Topson is a California corporation

9    with its principal place of business at 16830 Ventura Boulevard, Suite 310, Encino, California 91436.

10   LS&CO. is informed and believes that Topson manufactures, distributes or sells or has manufactured,

11   distributed or sold a line of clothing, including jeans, under the brand name FIRE which is offered for

12   sale or sold in this judicial district. LS&CO. is further informed and believes that Topson has

13   authorized, directed, and/or actively participated in the wrongful conduct alleged herein.

14                   **FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS**

15   **LS&CO.'s Use Of Its Trademarks**

16   6.    LS&CO. marks its LEVI'S® brand products with a set of trademarks that are famous

17   around the world. For many years prior to the events giving rise to this Complaint and continuing to

18   the present, LS&CO. annually has spent great amounts of time, money, and effort advertising and

19   promoting the products on which its trademarks are used and has sold many millions of these products

20   all over the world, including throughout the United States and in California. Through this investment

21   and large sales, LS&CO. has created considerable goodwill and a reputation for quality products.

22   LS&CO. continuously has used these trademarks, some for well over a century, to distinguish its

23   products.

24   7.    Most of LS&CO.'s trademarks are federally registered; all are in full force and effect,

25   and exclusively owned by LS&CO. LS&CO. continuously has used each of its trademarks, from the

26   registration date or earlier, until the present and during all time periods relevant to LS&CO.'s claims.

27   **LS&CO.'s Arcuate Stitching Design Trademark**

28   8.    Among its marks, LS&CO. owns the famous Arcuate Stitching Design Trademark (the

1  "Arcuate trademark"), which consists of a distinctive pocket stitching design that is the oldest known

2  apparel trademark in the United States. LS&CO. has used the Arcuate trademark continuously since

3  1873 in interstate commerce on clothing products. LS&CO. first used the Arcuate trademark on jeans

4  and later used it on trousers, pants, shorts, skirts, shirts and jackets. Examples of LS&CO.'s use of the

5  Arcuate trademark on LEVI'S® jeans are attached as Exhibit A-1 through A-7.

6      9.    LS&CO. owns, among others, the following United States and California Registrations

7  for its Arcuate trademark, attached as Exhibit B:

8          a.    U.S. Registration No. 404,248 (first used as early as 1873; registered November

9  16, 1943).

10          b.    U.S. Registration No. 1,139,254 (first used as early as 1873; registered

11  September 2, 1980);

12  These registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

13          c.    U.S. Registration No. 2,791,156 (first used as early as September 1, 1936;

14  registered December 9, 2003)

15          d.    U.S. Registration No. 2,794,649 (first used as early as 1873; registered

16  December 16, 2003.)

17          e.    California Registration No. 088399 (first used as early as 1873; registered

18  August 24, 1988).

19      10.    The Arcuate trademark is famous and is recognized around the world and throughout

20  North America by consumers as signifying a high quality LEVI'S® product.

21  **Topson's Infringement of LS&CO.'s Arcuate Trademark**

22      11.    LS&CO. is informed and believes that Topson has in the past and continues to

23  manufacture, source, market and/or sell clothing that displays stitching designs that are confusingly

24  similar to LS&CO.'s Arcuate trademark, including but not limited to the designs shown in Exhibit C

25  (the "Topson stitching designs").

26      12.    LS&CO. is informed and believes that Topson has manufactured, marketed and sold

27  substantial quantities of products bearing the Topson stitching designs, and has obtained and continues

28  to obtain substantial profits thereby.

13.     Topson's actions as alleged herein have caused and will cause LS&CO. irreparable harm for which money damages and other remedies are inadequate.  Unless Topson is restrained by this Court, it will continue and/or expand the illegal activities alleged in this Complaint and otherwise continue to cause great and irreparable damage and injury to LS&CO. by, among other things:

    a.     Depriving LS&CO. of its statutory rights to use and control use of its trademark;

    b.     Creating a likelihood of confusion, mistake and deception among consumers and the trade as to the source of the infringing products;

    c.     Causing the public falsely to associate LS&CO. with Topson and/or its products, or vice versa;

    d.     Causing incalculable and irreparable damage to LS&CO.'s goodwill and diluting the capacity of its Arcuate trademark to differentiate LEVI'S® products from others; and

    e.     Causing LS&CO. to lose sales of its genuine clothing products.

14.     Accordingly, in addition to other relief sought, LS&CO. is entitled to preliminary and permanent injunctive relief against Topson and all persons acting in concert with it.

## FIRST CLAIM
## FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. §§ 1114-1117; Lanham Act § 32)

15.     LS&CO. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 14 of this Complaint.

16.     Without LS&CO.'s consent, Topson has used, in connection with the sale, offering for sale, distribution or advertising of its products, designs that infringe upon LS&CO.'s registered Arcuate trademark.

17.     These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

18.     As a direct and proximate result of Topson's infringing activities, LS&CO. has suffered substantial damage.

19.     Topson's infringement of LS&CO.'s trademark as alleged herein is an exceptional case and was intentional, entitling LS&CO. to treble its actual damages and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and 1117(b).

## SECOND CLAIM
## FEDERAL UNFAIR COMPETITION
### (False Designation of Origin and False Description)
### (15 U.S.C. § 1125(a); Lanham Act § 43(a))

20.     LS&CO. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 19 of this Complaint.

21.     Topson's conduct constitutes the use of symbols or devices tending falsely to describe the infringing products, within the meaning of 15 U.S.C. § 1125(a)(1). Topson's conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship or approval of the infringing products to the detriment of LS&CO. and in violation of 15 U.S.C. § 1125(a)(1).

22.     As a direct and proximate result of Topson's infringing activities, LS&CO. has suffered substantial damage.

## THIRD CLAIM
## FEDERAL DILUTION OF FAMOUS MARK
### (Federal Trademark Dilution Act of 1995)
### (15 U.S.C. § 1125(c); Lanham Act § 43(c))

23.     LS&CO. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 22 of this Complaint.

24.     LS&CO.'s Arcuate trademark is distinctive and famous within the meaning of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c), as amended.

25.     Topson's activities as alleged herein, both separately and collectively, have diluted or are likely to dilute the distinctive quality of LS&CO.'s trademark in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c), as amended.

26.     LS&CO. is entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c).

27.     Because Topson willfully intended to trade on LS&CO.'s reputation and/or to cause dilution of LS&CO.'s famous trademark, LS&CO. is entitled to damages, extraordinary damages, fees

1 | and costs pursuant to 15 U.S.C. § 1125(c)(2).

2 | **FOURTH CLAIM**
**CALIFORNIA DILUTION AND TRADEMARK INFRINGEMENT**
3 | (Cal. Bus. & Prof. Code §§ 14320, 14330, 14335, 14340)

4 | 28.    LS&CO. realleges and incorporates by reference each of the allegations contained in

5 | paragraphs 1 through 27 of this Complaint.

6 | 29.    Topson's infringement of LS&CO.'s federal and state registered trademark is likely to

7 | cause consumer confusion and dilution of LS&CO.'s trademark in violation of California Business &

8 | Professions Code Sections 14320, 14330, and 14335.

9 | 30.    Topson infringed and diluted LS&CO.'s Arcuate trademark with knowledge and intent

10 | to cause confusion, mistake or deception.

11 | 31.    Topson's conduct is aggravated by that kind of willfulness, wantonness, malice and

12 | conscious indifference to the rights and welfare of LS&CO. for which California law allows the

13 | imposition of exemplary damages.

14 | 32.    Pursuant to California Business & Professions Code § 14340, LS&CO. is entitled to

15 | injunctive relief and damages in the amount of three times Topson's profits and three times all

16 | damages suffered by LS&CO. by reason of Topson's manufacture, use, display or sale of infringing

17 | goods.

18 | **FIFTH CLAIM**
**CALIFORNIA UNFAIR COMPETITION**
19 | (Cal. Bus. & Prof. Code § 17200)

20 | 33.    LS&CO. realleges and incorporates by reference each of the allegations contained in

21 | paragraphs 1 through 32 of this Complaint.

22 | 34.    Topson's infringement of LS&CO.'s Arcuate trademark constitutes "unlawful, unfair or

23 | fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within

24 | the meaning of California Business & Professions Code Section 17200.

25 | 35.    As a consequence of Topson's actions, LS&CO. is entitled to injunctive relief and an

26 | order that Topson disgorge all profits on the manufacture, use, display or sale of infringing goods.

27 |

28 |

### PRAYER FOR JUDGMENT

WHEREFORE, LS&CO. prays that this Court grant it the following relief:

36.    Adjudge that LS&CO.'s Arcuate trademark has been infringed by Topson in violation of LS&CO.'s rights under common law, 15 U.S.C. § 1114, and/or California law;

37.    Adjudge that Topson has competed unfairly with LS&CO. in violation of LS&CO.'s rights under common law, 15 U.S.C. § 1125(a), and/or California law;

38.    Adjudge that Topson's activities are likely to, or have, diluted LS&CO.'s famous Arcuate trademark in violation of LS&CO.'s rights under common law, 15 U.S.C. § 1125(c), and/or California law;

39.    Adjudge that Topson and its agents, employees, attorneys, successors, assigns, affiliates, and joint venturers and any person(s) in active concert or participation with him, and/or any person(s) acting for, with, by, through or under him, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

    a.    Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods that display any words or symbols that so resemble LS&CO.'s Arcuate trademark as to be likely to cause confusion, mistake or deception, on or in connection with any product that is not authorized by or for LS&CO., including without limitation any product that bears the design which is the subject of this Complaint and for which Topson is responsible, or any other approximation of LS&CO.'s Arcuate trademark;

    b.    Using any word, term, name, symbol, device or combination thereof that causes or is likely to cause confusion, mistake or deception as to the affiliation or association of Topson or its products with LS&CO. or as to the origin of Topson's goods, or any false designation of origin, false or misleading description or representation of fact;

    c.    Further infringing the rights of LS&CO. in and to any of its trademarks in its LEVI'S® brand products or otherwise damaging LS&CO.'s goodwill or business reputation;

    d.    Otherwise competing unfairly with LS&CO. in any manner; and

    e.    Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

1      40      Adjudge that Topson be required immediately to supply LS&CO.'s counsel with a

2   complete list of individuals and entities from whom or which he purchased, and to whom or which he

3   sold, offered for sale, distributed, advertised or promoted, infringing products as alleged in this

4   Complaint;

5      41.     Adjudge that Topson be required immediately to deliver to LS&CO.'s counsel its entire

6   inventory of infringing products, including without limitation pants and any other clothing, packaging,

7   labeling, advertising and promotional material and all plates, patterns, molds, matrices and other

8   material for producing or printing such items, that are in its possession or subject to its control and that

9   infringe LS&CO.'s Arcuate trademark as alleged in this Complaint;

10     42.     Adjudge that Topson, within thirty (30) days after service of the judgment demanded

11   herein, be required to file with this Court and serve upon LS&CO.'s counsel a written report under

12   oath setting forth in detail the manner in which it has complied with the judgment;

13     43.     Adjudge that LS&CO. recover from Topson its damages and lost profits in an amount

14   to be proven at trial;

15     44.     Adjudge that Topson be required to account for any profits that are attributable to its

16   illegal acts, and that LS&CO. be awarded the greater of (1) three times Topson's profits or (2) three

17   times any damages sustained by LS&CO., under 15 U.S.C. § 1117, plus prejudgment interest;

18     45.     Order an accounting of and impose a constructive trust on all of Topson's funds and

19   assets that arise out of his infringing activities;

20     46.     Adjudge that LS&CO. be awarded its costs and disbursements incurred in connection

21   with this action, including LS&CO.'s reasonable attorneys' fees and investigative expenses; and

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

47.    Adjudge that all such other relief be awarded to LS&CO. as this Court deems just and proper.

DATED: May 25, 2007                    Respectfully submitted,


By: _____
    Gia L. Cincone
    TOWNSEND AND TOWNSEND AND CREW LLP
    Two Embarcadero Center, Eighth Floor
    San Francisco, California  94111
    Telephone: (415) 576-0200
    Facsimile: (415) 576-0300

    Attorneys for Plaintiff
    LEVI STRAUSS & CO.

## DEMAND FOR JURY TRIAL

LS&CO. demands that this action be tried to a jury.

DATED:  May 25, 2007                    Respectfully submitted,

By:  _____

Gia L. Cincone
TOWNSEND AND TOWNSEND AND CREW LLP
Two Embarcadero Center, Eighth Floor
San Francisco, California  94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300

Attorneys for Plaintiff
LEVI STRAUSS & CO.

Exhibit A



Exhibit A-1



Exhibit A-2



Exhibit A-3



Exhibit A-4



Exhibit A-5



Exhibit A-6



Exhibit A-7

Exhibit B



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:
### UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

July 16, 2001

THE ATTACHED U.S. TRADEMARK REGISTRATION *404,248* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM  *November 16, 1943*
*2nd* RENEWAL FOR A TERM OF *20* YEARS FROM  *November 16, 1983*
SECTION 8 & 15
REPUBLISHED SECTION 12C
SAID RECORDS SHOW TITLE TO BE IN:
  *STRAUSS, LEVI & CO.*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

H. PHILLIPS
Certifying Officer

**Registered Nov. 16, 1943**

**Trade-Mark 404,248**

Republished, under the Act of 1946, April 27, 1948, by
Levi Strauss & Company, San Franisco, Calif.

Affidavit under Section 8 accepted.
Affidavit under Section 15 received, Aug. 31, 1953.

# UNITED STATES PATENT OFFICE

**Levi Strauss & Company, San Francisco, Calif.**

**Act of February 20, 1905**

**Application September 25, 1942, Serial No. 455,769**



## STATEMENT

*To the Commissioner of Patents:*

Levis Strauss & Company, a corporation duly organized under the laws of the State of California and located at the city and county of San Francisco, State of California, and doing business at 98 Battery Street, San Francisco, California, has adopted and used the trade-mark shown in the accompanying drawing, for WAISTBAND TYPE OVERALLS, in Class 39, Clothing, and presents herewith five facsimiles showing the trade-mark as actually used by applicant upon the goods, and requests that the same be registered in the United States Patent Office in accordance with act of February 20, 1905. The trade-mark has been continuously used and applied to said goods in applicant's business since the year 1873. The trade-mark consists of double arcuate designs of orange color displayed on the hip pockets of the overalls as shown on the drawing. The mark is applied to the overalls by stitching the double arcuate designs on the hip pockets with orange colored thread, or by painting the lines of said design on the hip pockets with orange colored paint.

No claim is made to the exclusive use of the representation of a pair of overalls.

The undersigned hereby appoints Castberg & Roemer, a firm composed of Thomas Castberg and Irving C. Roemer, whose address is 807 Crocker Building, San Francisco, California, and whose registration number is 15,030, as its attorneys, with full power of substitution and revocation, to prosecute this application, to make alterations and amendments therein, to receive the certificate of registration, and to transact all business in the Patent Office connected therewith.

LEVI STRAUSS & COMPANY,
By DANIEL E. KOSHLAND,
*Vice President.*



438326

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE

#### United States Patent and Trademark Office

**July 16, 2001**

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,139,254* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM   *September 02, 1980*
*SECTION 8 & 15*
SAID RECORDS SHOW TITLE TO BE IN:
  *LEVI STRAUSS & CO.*
  *A DE CORP*



By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

H. PHILLIPS
**Certifying Officer**

Int. Cl.: 25

Prior U.S. Cl.: 39

Reg. No. 1,139,254

## United States Patent and Trademark Office

Registered Sep. 2, 1980

## TRADEMARK
### Principal Register



Levi Strauss & Co. (Delaware corporation)
Two Embarcadero Ctr.
San Francisco, Calif.   94106

For: PANTS, JACKETS, SKIRTS, DRESSES AND SHORTS, in CLASS 25 (U.S. CL. 39).
First use 1873; in commerce 1873.
Owner of U.S. Reg. No. 404,248.

Ser. No. 169,399. Filed May 8, 1978.

M. J. LEAHY, Primary Examiner



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
OFFICE OF ASSISTANT COMMISSIONER FOR TRADEMARKS
2900 Crystal Drive
Arlington, Virginia  22202-3513

REGISTRATION NO: 1139254      SERIAL NO: 73169399      MAILING DATE: 08/06/2001
REGISTRATION DATE: 09/02/1980
MARK: MISCELLANEOUS DESIGN
REGISTRATION OWNER: LEVI STRAUSS & CO.
CORRESPONDENCE ADDRESS:

SARAH R. FULLER
LEGAL STRATEGIES GROUP
5905 CHRISTIE AVENUE
EMERYVILLE, CA  94608-1925

# NOTICE OF ACCEPTANCE
### 15 U.S.C. Sec. 1058(a)(3)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 8 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.

ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.

**************************************************

# NOTICE OF RENEWAL
### 15 U.S.C. Sec. 1059(a)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 9 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.

ACCORDINGLY, THE REGISTRATION IS RENEWED.

**************************************************

THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):
025.

HARPER, BARBARA A
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
(703)308-9500

    PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
    CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

April 06, 2006

THE ATTACHED U.S. TRADEMARK REGISTRATION 2,791,156 IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM   *December 09, 2003*

SAID RECORDS SHOW TITLE TO BE IN:
  *LEVI STRAUSS & CO.*
  *A DELAWARE CORPORATION*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

*L. Edelen*

L. EDELEN
Certifying Officer

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

## United States Patent and Trademark Office

Reg. No. 2,791,156
Registered Dec. 9, 2003

## TRADEMARK
### PRINCIPAL REGISTER



LEVI STRAUSS & CO. (DELAWARE CORPORA-
TION)
1155 BATTERY STREET
SAN FRANCISCO, CA 94111

FOR: PANTS, JEANS, SHORTS, SHIRTS, T-
SHIRTS, BLOUSES, SKIRTS AND JACKETS, IN
CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 9-1-1936; IN COMMERCE 9-1-1936.

OWNER OF U.S. REG. NOS. 1,041,846, 1,135,196,
AND 1,139,254.

THE LINING AND SHADING SHOWN IN THE
DRAWING ARE FEATURES OF THE MARK AND
NOT INTENDED TO INDICATE COLOR.

THE MARK CONSISTS OF THE COMBINATION
OF A DOUBLE ARCUATE AND TAB DESIGN
SHOWN ON THE SHAPE OF A POCKET, AS INDI-
CATED BY A SOLID LINE.

SER. NO. 78-144,339, FILED 7-16-2002.

ELLEN B. AWRICH, EXAMINING ATTORNEY



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

April 06, 2006

THE ATTACHED U.S. TRADEMARK REGISTRATION *2,794,649* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM   *December 16, 2003*

SAID RECORDS SHOW TITLE TO BE IN:
*LEVI STRAUSS & CO.*
*A DELAWARE CORPORATION*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

L. Edelen

L. EDELEN
Certifying Officer

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 2,794,649
Registered Dec. 16, 2003

## TRADEMARK
### PRINCIPAL REGISTER



LEVI STRAUSS & CO. (DELAWARE CORPORA-
TION)
1155 BATTERY STREET
SAN FRANCISCO, CA 94111

FOR: PANTS, JEANS, SHORTS, SHIRTS, T-
SHIRTS, BLOUSES, SKIRTS AND JACKETS, IN
CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 0-0-1873; IN COMMERCE 0-0-1873.

THE MARK CONSISTS OF A DOUBLE ARCUATE
DESIGN.

SER. NO. 78-142,765, FILED 7-10-2002.

GINNY ISAACSON, EXAMINING ATTORNEY



# State of California

## SECRETARY OF STATE

**Trademark Reg. No.** 88399     **Class No.** Int. 25     **Renewal No.** 15637

### CERTIFICATE OF RENEWAL OF TRADEMARK

*I, BILL JONES,* **Secretary of State of the State of California, hereby certify:**

**That an application for renewal has been filed in this office for the TRADEMARK described below:**

**Name of Applicant:**   Levi Strauss & Co.
**Business Address:**   1155 Battery Street  San Francisco, CA  94111
**Date First Used in California:**   1873
**Date First Used Anywhere:**   1873
**Description of Trademark:**   Arc Design.  Design of two concentric arcs placed in such a manner that they meet in the center
**Description of Goods on Which the Trademark is Used:**   Pants, shirts, and jackets
**Date of Registration:**   August 24, 1988
**Term of Registration Extends to and Includes:**   August 24, 2008

> **IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this 6th day of July, 1998**



BILL JONES
Secretary of State

NP-24 A (Rev. 1-96)                                                                 98 38011

# State of California
## Secretary of State

### RENEWAL OF TRADEMARK OR SERVICE MARK
Pursuant to Business and Professions Code Section 14250

APPLICATION FOR RENEWAL MUST BE RECEIVED BY THE SECRETARY OF STATE WITHIN (BUT NOT BEFORE) THE SIX-MONTH PERIOD PRIOR TO THE DATE OF EXPIRATION OF THE CURRENT REGISTRATION TOGETHER WITH RENEWAL FEE.

SEND THE SIGNED APPLICATION WITH ORIGINAL SIGNATURE(S) TO THE SECRETARY OF STATE, TRADEMARK UNIT, P.O. BOX 944225, SACRAMENTO, CA 94244-2250.

RENEWAL APPLICATION FOR: ☒ TRADEMARK   ☐ SERVICE MARK

**1. NAME OF APPLICANT:**

LEVI STRAUSS & CO.

**2. STREET ADDRESS: (DO NOT GIVE P. O. BOX) (FOR SERVICE MARK, PROVIDE CALIFORNIA BUSINESS ADDRESS)**

1155 Battery Street

| CITY: San Francisco | STATE: CA | ZIP CODE 94111 |
|---|---|---|

**3. BUSINESS STRUCTURE: (CHECK ONE)**

☐ LIMITED PARTNERSHIP                      ☐ SOLE PROPRIETOR

☐ LIMITED LIABILITY COMPANY                ☐ UNINCORPORATED ASSOCIATION

☐ GENERAL PARTNERSHIP                      ☐ HUSBAND AND WIFE, AS COMMUNITY PROPERTY

☒ CORPORATION (STATE OF INCORPORATION) Delaware   ☐ OTHER (DESCRIBE) _____

**4. IF PARTNERSHIP, LIST NAMES OF PARTNERS**

**5. NAMES OF MEMBER(S) OR MANAGER(S), IF APPLICANT IS A LIMITED LIABILITY COMPANY**

**6. NAME AND/OR DESCRIPTION OF TRADE/SERVICE MARK:** A device created by two concentric arcs placed on pockets in such a manner that they meet in the center thereof, usually applied by stitching.   ARC DESIGN.

| 7. TRADE/SERVICE MARK REGISTRATION NUMBER | 8. DATE OF REGISTRATION |
|---|---|
| 088399 | August 24, 1988 |

THE MARK WAS ADOPTED, USED, AND CONTINUES TO BE USED WITHIN THE STATE OF CALIFORNIA BY THE APPLICANT IN THE FORM AND MANNER SPECIFIED IN THE PRESENT REGISTRATION.

**9. NAME OF CORPORATION/PARTNERSHIP/LIMITED LIABILITY COMPANY (IF APPLICABLE)**

LEVI STRAUSS & CO.

THIS SPACE FOR FILING OFFICER USE

TRADE/SERVICE MARK

REG. NO. 88399

RENEWAL NO. 015637

| SIGNATURE (IF PARTNER OR CORPORATE OFFICER, INCLUDE TITLE.) | DATE |
|---|---|
| ➤ [signature] | |

**10. RETURN ACKNOWLEDGMENT TO: (TYPE OR PRINT)**

NAME     Sarah R. Fuller
ADDRESS  Legal Strategies Group
         5905 Christie Avenue
CITY     Emeryville, CA  94608-1925
STATE
ZIP CODE

**FILED**
In the office of the Secretary of State
of the State of California

JUL - 6 1998

BILL JONES, Secretary of State

SEC/STATE LP/TM 109 (REV. 4/96)                FILING FEE: $36.00

Int. 25

ABC    100213



**State of California**

Office of

**March Fong Eu**

Secretary of State
SACRAMENTO

SEP 01 1988

As Secretary of State, it is my pleasure to notify you that the mark you submitted has been registered in this office.

Please be advised that Section 14220(f) of the Business and Professions Code specifies that a mark shall not be registered if it so resembles a mark or trade name already registered or used in this state by another and not abandoned, as to be likely, when applied to the goods or services of the applicant, to cause confusion or mistake or to deceive.

My office has conducted a search of California trademark and service mark registrations. Your mark does not appear to resemble any previous registration.

Please be advised, however, that there may be unregistered marks or California trade names used by corporations and partnerships, fictitious names, and names under which individuals conduct business which may resemble your registration. A check for such names is beyond the scope of the review of this office in registering marks.

Most sincerely,

*March Fong Eu*

MARCH FONG EU



# State of California



OFFICE OF THE SECRETARY OF STATE

Trademark
Reg. No._____ 088399 _____

## CERTIFICATE OF REGISTRATION OF TRADEMARK

I, MARCH FONG EU, Secretary of State of the State of California, hereby certify:

That in accordance with the application filed in this office the TRADEMARK described below has been duly registered in this office on behalf of:

Name of Applicant_____ LEVI STRAUSS & CO. _____

Business Address_____ 1155 Battery Street _____
_____ San Francisco, CA 94111 _____
Date First Used in California 1873 _____
Date First Used Anywhere __1873 _____
Description of Trademark___ A device created by two concentric arcs placed on pockets in such a manner that they meet in the center thereof, usually applied by stitching.
Class No._____ 39 _____
Description of Goods on Which the Trademark is Used Pants, shirts and jackets
_____

A copy, specimen, facsimile, counterpart or a reproduction of the mark is attached.
Date of Registration_____ August 24, 1988 _____
Term of Registration Extends to and Includes_____ August 24, 1998 _____



*IN WITNESS WHEREOF,* I execute this certificate and affix the Great Seal of the State of California this

24th day of August, 1988

*March Fong Eu*

*Secretary of State*

**A COPY, SPECIMEN, FACSIMILE, COUNTERPART OR REPRODUCTION OF TRADEMARK REG. NO.** 088399



Sec/State Form TM.107.Y



APPLICATION TO REGISTER A TRADEMARK
IN THE STATE OF CALIFORNIA

Trademark
Reg. No. _____ 088399

Class No. _39_

FILED
in the office of the Secretary of State
of the State of California

AUG 24 1988
_March Fong Eu_

MARCH FONG EU
SECRETARY OF STATE

TO:  MARCH FONG EU
     Secretary of State
     923 12th Street, Suite 301
     Sacramento, California  95814
     (916) 445-9872

Applicant requests registration of the trademark described below and submits the following information along with the registration fee of $50.00:

1.  Name of Applicant  LEVI STRAUSS & CO.

    CHECK ONE:  [ ]  Sole Proprietor        [ X ]  Corporation

                [ ]  Limited Partnership    [ ]  General Partnership

                [ ]  Unincorporated Association

                [ ]  Husband and Wife, as community property

                [ ]  Other (Describe) _____

2.  Business Address, City, State   1155 Battery Street, San Francisco, CA  94111

3.  State of Incorporation, if applicant is a corporation  Delaware

4.  Names of the general partners, if applicant is a partnership _____

5.  Description of the Trademark.  The trademark consists of the following:
    A device created by two concentric arcs placed on pockets in such a manner

    that they meet in the center thereof, usually applied by stitching.

6.  The specific goods, products, or merchandise (stock-in-trade) which the applicant(s) sell(s) to the customers, and on which the trademark is used, are/is as follows: _____

            pants, shirts and jackets

(OVER)

7. The trademark has previously been used, and is now being used on said goods in the State of California as follows:

[ X ] On labels and tags affixed to the goods.
[ ] On labels and tags affixed to containers of the goods.
[ X ] By printing it directly onto the goods.
[ ] By printing it directly onto the containers for the goods.

8. Enclosed as specimens or facsimiles are:

[ ] Five identical actual lables.
[ ] Five identical actual tags.
[ X ] Five identical photographs of the goods/containers showing the trademark thereon.
[ ] Five entire front panels of a paper container bearing the trademark.

9. The date the trademark was first used in California is _____1873_____.

The date the trademark was first used anywhere is _____1873_____.

The applicant is the owner of the mark and no other person has the right to use such mark in the State of California either in the identical form thereof or in such near resemblance thereto as might be calculated to deceive or to be mistaken therefor.

LEVI STRAUSS & CO.

Type name of corporation or partnership on above line (leave above line blank if sole proprietor)

BY _____Tracy MacLeod_____

Signature of applicant, partner, officer of corporation; if partner, so state and if officer, set forth title of office

Tracy MacLeod, Assistant Secretary

VERIFICATION

Tracy MacLeod

_____ declares under penalty of perjury under the laws of the State of California that the statements contained in the foregoing application are true of his/her own knowledge.

DATED: June 30, 1988

BY _____Tracy MacLeod_____

Signature of applicant, partner, officer of corporation; if partner, so state and if officer, set forth title of office

5/86

TM 88 399



Exhibit C



 

Exhibit C-1






Exhibit C-2