Mark D. Brutzkus, SBN 128102
Luis A. Garcia, SBN 146876
EZRA | BRUTZKUS | GUBNER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, California 91367
Telephone: 818-827-9000
Facsimile: 818-827-8099
E-mail:    mbrutzkus@ebg-law.com
           lgarcia@ebg-law.com

Attorneys for Defendant
TOPSON DOWNS OF CALIFORNIA, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI STRAUSS & CO., | CASE NO. C 07 2764 MHP |
| Plaintiff, | [Assigned to Hon. Marilyn Hall Patel] |
| vs. | **ANSWER OF DEFENDANT TOPSON DOWNS OF CALIFORNIA, INC. TO PLAINTIFF LEVI STRAUSS CO.'S COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND DILUTION** |
| TOPSON DOWNS OF CALIFORNIA, INC., | |
| Defendant. | |

COMES NOW Defendant TOPSON DOWNS OF CALIFORNIA, INC.
("Defendant" or "Topson") for itself only and answers Plaintiff LEVI STRAUSS
& CO.'s ("Plaintiff" or "Levi") Complaint for Trademark Infringement, Unfair
Competition and Dilution (hereafter referred to as the "Complaint") on file herein,
admitting, denying and alleging as follows:

1.      Answering paragraph 1 of the Complaint, Defendant admits that this
Court has subject matter jurisdiction over the claims brought by LEVI, but denies
that LEVI has any cognizable claims or that it is entitled to any recovery under the
claims contained in LEVI's Complaint against Defendant.

1

2.     Answering paragraph 2 of the Complaint, Defendant admits that venue is proper in this judicial district, but denies that LEVI has any cognizable claims or that it is entitled to any recovery under the claims contained in LEVI's Complaint against Defendant.

3.     Answering paragraph 3 of the Complaint, Defendant admits that Intra-district assignment is proper.

4.     Answering paragraph 4 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth of LEVI's allegation in Paragraph 4 of the Complaint regarding LEVI's corporate structure and place of business and/or the apparel products LEVI markets or sell and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the allegations contained therein. Defendant further denies LEVI is one of the oldest and most well known apparel companies in the world.

5.     Answering paragraph 5 of the Complaint, Defendant admits that TOPSON is a corporation organized and existing under the laws of the state of California and that TOPSON has manufactured, distributed and sold a line of clothing including jeans under the brand name FIRE in this judicial district. Defendant specifically denies 16830 Ventura Boulevard, Suite 310, Encino, California, 91436 is their principal place of business. Defendant also specifically denies that it has authorized, directed, and/or actively participated any wrongful conduct as alleged by LEVI or that LEVI has any cognizable claims or is entitled to any recovery under the claims contained in the Complaint against Defendant.

6.     Answering paragraph 6 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth of LEVI's allegations in paragraph 6 of the Complaint and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the allegations contained therein. Defendant TOPSON specifically denies that LEVI's trademarks are famous around the world.

2

7. Answering paragraph 7 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth of LEVI's allegations in paragraph 7 of the Complaint and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the allegations contained therein.

8. Answering paragraph 8 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth of LEVI's allegations in paragraph 8 of the Complaint and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the allegations contained therein. Defendant TOPSON specifically denies that LEVI's "Arcuate Stitching Design Trademark" ("ARCUATE trademark") is famous.

9. Answering paragraph 9 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth of LEVI's allegations in paragraph 9 of the Complaint and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the allegations contained therein.

10. Answering paragraph 10 of the Complaint, Defendant denies that the ARCUATE trademark is famous, is recognized around the world and North America by consumers, or that the ARCUATE trademark signifies high quality products.

11. Answering paragraph 11 of the Complaint, Defendant admits that it has manufactured, sourced, marketed and/or sold products displaying the "Topson Stitching Designs", but specifically denies the same are confusingly similar to Plaintiff's ARCUATE trademark or that LEVI has any cognizable claims or is entitled to any recovery under the claims contained in the Complaint against Defendant.

ANSWER OF DEFENDANT TOPSON DOWNS OF CALIFORNIA, INC. TO PLAINTIFF'S COMPLAINT

12. Answering paragraph 12 of the Complaint, Defendant admits it has manufactured, marketed and/or sold apparel bearing the "Topson Stitching Designs" for profit.

13. Answering paragraph 13 of the Complaint, Defendant denies, generally and specifically, the allegations contained therein.

14. Answering paragraph 14 of the Complaint, Defendant denies, generally and specifically, the allegations contained therein.

15. Answering paragraph 15 of the Complaint, Defendant incorporates herein its prior response to Paragraphs 1 through 14 of the Complaint as though set forth in full.

16. Answering paragraph 16 of the Complaint, Defendant denies that any of their products infringe upon Plaintiff's ARCUATE trademark or that that Defendant needed the consent of Plaintiff to sell, offer for sale, distribute or advertise any of their apparel products.

17. Answering paragraph 17 of the Complaint, Defendant denies that any act of trademark infringement has occurred and/or that LEVI has any cognizable claims or is entitled to any recovery under the claims contained in the Complaint.

18. Answering paragraph 18 of the Complaint, Defendant deny any infringing activity has taken place and/or or that LEVI has any cognizable claims or is entitled to any recovery under the claims contained in the Complaint against Defendant.

19. Answering paragraph 19 of the Complaint, Defendant denies that any act of trademark infringement has occurred and/or that LEVI has any cognizable claims or is entitled to any recovery under the claims contained in the Complaint against Defendant.

20. Answering paragraph 20 of the Complaint, Defendant incorporates herein its prior response to Paragraphs 1 through 19 of the Complaint as though set forth in full.

ANSWER OF DEFENDANT TOPSON DOWNS OF CALIFORNIA, INC. TO PLAINTIFF'S COMPLAINT

1    21.    Answering paragraph 21 of the Complaint, Defendant denies,
2    generally and specifically, the allegations contained therein.

3    22.    Answering paragraph 22 of the Complaint, Defendant denies,
4    generally and specifically, the allegations contained therein.

5    23.    Answering paragraph 23 of the Complaint, Defendant incorporates
6    herein its prior response to Paragraphs 1 through 22 of the Complaint as though set
7    forth in full.

8    24.    Answering paragraph 24 of the Complaint, Defendant denies
9    Plaintiff's ARCUATE trademark is distinctive and famous within the meaning of
10    the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c), or as the statute
11    was amended by the Trademark Dilution Revision Act of 2006.

12    25.    Answering paragraph 25 of the Complaint, Defendant denies,
13    generally and specifically, the allegations contained therein.

14    26.    Answering paragraph 26 of the Complaint, Defendant denies,
15    generally and specifically, the allegations contained therein.

16    27.    Answering paragraph 27 of the Complaint, Defendant denies,
17    generally and specifically, the allegations contained therein. Defendant further
18    denies that Plaintiff's ARCUATE trademark is famous within the meaning of the
19    Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c), or as the statute was
20    amended by the Trademark Dilution Revision Act of 2006, or that Plaintiff has any
21    cognizable claims or is entitled to any recovery under said statute.

22    28.    Answering paragraph 28 of the Complaint, Defendant incorporates
23    herein its prior response to Paragraphs 1 through 27 of the Complaint as though set
24    forth in full.

25    29.    Answering paragraph 29 of the Complaint, Defendant denies any
26    infringement, consumer confusion with and/or dilution of the Plaintiff's federal
27    and state registered trademark. Defendant further denies any alleged violation has
28    occurred of California Business & Professional Code Sections 14320, 14330, and

5

1  14335, or that Plaintiff has any cognizable claims or is entitled to any recovery

2  under said provisions against Defendant.

3      30.    Answering paragraph 30 of the Complaint, Defendant denies,

4  generally and specifically, the allegations contained therein.

5      31.    Answering paragraph 31 of the Complaint, Defendant denies,

6  generally and specifically, the allegations contained therein.

7      32.    Answering paragraph 32 of the Complaint, Defendant denies,

8  generally and specifically, the allegations contained therein.

9      33.    Answering paragraph 33 of the Complaint, Defendant incorporates

10  herein its prior response to Paragraphs 1 through 32 of the Complaint as though set

11  forth in full.

12      34.    Answering paragraph 34 of the Complaint, Defendant denies any

13  infringement, unlawful, unfair or fraudulent acts or practices, or unfair, deceptive,

14  untrue or misleading advertising has occurred within the meaning of or in violation

15  of California Business & Professional Code Section 17200, or that Plaintiff has any

16  cognizable claims or is entitled to any recovery under said provision against

17  Defendant.

18      35.    Answering paragraph 35 of the Complaint, Defendant denies,

19  generally and specifically, the allegations contained therein.

20      36.    By alleging the Affirmative Defenses set forth below, Defendant does

21  not agree or concede that it bears the burden of proof or the burden of persuasion

22  on any of these issues, whether in whole or in part. Defendant hereby asserts the

23  following Affirmative Defenses to LEVI's Complaint, as follows:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

26      37.    The Complaint fails to state facts sufficient to constitute any claim for

27  relief against the Defendant.

28

## SECOND AFFIRMATIVE DEFENSE

38.    Plaintiff's trademark, if any, and/or trademark registrations, if any, are invalid.

## THIRD AFFIRMATIVE DEFENSE

39.    The alleged infringing Topson Stitching Designs are not confusingly similar to Plaintiff's ARCUATE trademark.

## FOURTH AFFIRMATIVE DEFENSE

40.    If Defendant infringed any trademark allegedly owned by Plaintiff, Defendant did so with innocent intent.

## FIFTH AFFIRMATIVE DEFENSE

41.    Plaintiff's common law, state, or equitable claims are preempted by among other things, 15 U.S.C. §§ 1114-1117; Lanham Act §32.

## SIXTH AFFIRMATIVE DEFENSE

42.    Plaintiff's conduct with regards to the matters alleged in the Complaint was such that Plaintiff is barred by the equitable doctrine of unclean hands from obtaining the relief requested against Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

43.    Some or all of the damages alleged by Plaintiff, if any, is to be offset by the damage sustained by Defendants as a result of Plaintiff's conduct.

## EIGHTH AFFIRMATIVE DEFENSE

44.    Plaintiff is not entitled to actual damages or attorney's fees pursuant to, among other things, 15 U.S.C. §§ 1117(a) and 1117(b).

## NINTH AFFIRMATIVE DEFENSE

45.    At all times, Defendant acted in a commercially reasonable and lawful manner. Each and every act or statement done or made by Defendant was a good faith assertion of these Defendant's rights and, therefore, was privileged and justified.

## TENTH AFFIRMATIVE DEFENSE

46.    Plaintiff failed to protect and/or enforce their alleged rights, and/or engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligent act, omission, or any other conduct, if any, as set forth in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

47.    Plaintiff waited an unreasonable period of time before asserting their claims, if any, against Defendants, and it is barred from asserting such claims under the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

48.    Plaintiff, though under an affirmative duty to do so, failed and neglected to mitigate their alleged damages, if any, and cannot recover against Defendant, whether as alleged of otherwise.

## THIRTEENTH AFFIRMATIVE DEFENSE

49.    Defendant denies that it is responsible or liable in any way for the damages or loss alleged in the Complaint. However, if Defendant is found to be liable or responsible for any or all of the alleged damages or loss, Defendant alleges that its liability, if any, is not the sole proximate cause of the damage or loss, that the damage awarded to Plaintiff, if any, should be apportioned according to California state law by each parties' respective fault and legal responsibility of all parties, persons and entities, and their agents, servants, and employees who contributed to and/or cause such damages or loss according to the proof presented at the time of trial.

## FOURTEENTH AFFIRMATIVE DEFENSE

50.    The damages suffered by Plaintiff, if any, were the direct and proximate result of the acts, omission, or negligence of persons or entities other than Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

51.    Defendants presently have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defense available. Defendants reserve the right to assert additional defenses, including but not limited to, res judicata and collateral estoppel, in the event that the discovery indicates that they would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing by the Complaint and that judgment be rendered in favor of Defendant.

2.    For costs of suit, including reasonable attorneys' fees if permitted by agreement of by statute; and

3.    For such other and further relief as the court deems just proper.

Dated:  August 10, 2007                    EZRA | BRUTZKUS | GUBNER LLP


                                           By: _____
                                               Mark D. Brutzkus
                                               Luis A. Garcia
                                               Attorneys for Defendant
                                               TOPSON DOWNS OF
                                               CALIFORNIA, INC.

ANSWER OF DEFENDANT TOPSON DOWNS OF CALIFORNIA, INC. TO PLAINTIFF'S COMPLAINT

1

## DEMAND FOR JURY

2     Defendant TOPSON DOWNS OF CALIFORNIA, INC. hereby requests a

3 jury trial for all issues triable by jury including, but not limited to, those issues and

4 claims set forth in this Complaint and any subsequent amended complaint or

5 consolidated action.

6

7     Dated:  August 10, 2007                    EZRA | BRUTZKUS | GUBNER LLP

8                                              By:

9                                                 Mark D. Brutzkus
                                                  Luis A. Garcia
10                                                Attorneys for Defendant
                                                  TOPSON DOWNS OF
11                                                CALIFORNIA, INC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF DEFENDANT TOPSON DOWNS OF CALIFORNIA, INC. TO PLAINTIFF'S COMPLAINT

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and am not a party to the within action or proceeding. I am employed by the law firm of Ezra, Brutzkus & Gubner, located at 21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367, Telephone: (818) 827-9000, Facsimile: (818) 827-9099.

On August 13, 2007, I served the foregoing document described as **ANSWER OF DEFENDANT TOPSON DOWNS OF CALIFORNIA, INC. TO PLAINTIFF LEVI STRAUSS CO.'S COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND DILUTION** on the interested parties in said action, as follows:

PLEASE SEE ATTACHED SERVICE LIST

☒ (By Mail) I caused such envelope with postage thereon, fully prepaid, to be placed in the United States mail. Executed on August 8, 2007, at Woodland Hills, California.

☐ (By Facsimile) I caused said document to be sent via facsimile. Executed on _____, 2007, at Woodland Hills, California.

☐ (By Personal Service) I caused such envelope to be delivered by hand to the offices of the addressee. Executed _____, 2007, at Woodland Hills, California.

☐ (By Federal Express/Express Mail) I caused said document to be sent via Federal Express / Express Mail for next business day delivery. Executed on _____, 2007, at Woodland Hills, California.

☒ (Federal) Executed this 13th day of August, 2007, I declare that I am an employee in the offices of a member of the State Bar of this Court at whose direction the service was made.

JANICE HENRY

1

## SERVICE LIST

2
*Levis Strauss & Co. vs. Topson Downs of California, Inc..*
U.S.D.C. ND CA Case No. 07-2764 MHP

3

4
<u>Attorneys for Plaintiff Levi Strauss & Co.</u>
Townsend and Townsend and Crew LLP
5
Gregory S. Gilchrist, Esq.
Gia L. Cincone, Esq.
6
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
7
Tel: (415) 576-0200
Fax: (415) 576-0300

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF DEFENDANT TOPSON DOWNS OF CALIFORNIA, INC. TO PLAINTIFF'S COMPLAINT