TOWNSEND AND TOWNSEND AND CREW LLP
GREGORY S. GILCHRIST (Bar # 111536)
GIA L. CINCONE (Bar # 141668)
HOLLY GAUDREAU (Bar # 209114)
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
Telephone:  (415) 576-0200
Facsimile:  (415) 576-0300
Email:  gsgilchrist@townsend.com; glcincone@townsend.com;
hgaudreau@townsend.com

Attorneys for Plaintiff
LEVI STRAUSS & CO.

EZRA BRUTZHUS GUBNER LLP
MARK DAVID BRUTZHUS (Bar # 128102)
LUIS A. GARCIA (Bar # 146876)
21650 Oxnard Street, Suite 500
Woodland Hills, California 91367
Telephone:  (818) 995-9000
Facsimile:  (818) 932-3653
Email:  mbrutzhus@ebg-law.com; lgarcia@ebg-law.com

Attorneys for Defendant
TOPSON DOWNS OF CALIFORNIA, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LEVI STRAUSS & CO., <br><br> Plaintiff, <br><br> v. <br><br> TOPSON DOWNS OF CALIFORNIA, INC., <br><br> Defendant. | Case No.  C 07-2764 MHP <br><br> **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** <br><br> Date:    September 10, 2007 <br> Time:    4:00 p.m. <br> Judge:   Hon. Marilyn H. Patel <br> Courtroom 15, 18th Floor |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order.

**1.      Jurisdiction and Service**

Plaintiff Levi Strauss & Co.'s ("LS&CO.") first, second and third claims arise under the Lanham Act.  This Court has subject matter jurisdiction over those claims pursuant to 28 U.S.C.

1  §§ 1331, 1338(a) and 1338(b) and 15 U.S.C. §1121, and supplemental jurisdiction over LS&CO.'s
2  state law claims pursuant to 28 U.S.C. §1367.  No issue exists as to personal jurisdiction or venue, and
3  no parties remain to be served.

4  **2.   Facts**

5  LS&CO. is a Delaware corporation which has its principal place of business in San Francisco,
6  California.  LS&CO. is the sole owner of the Arcuate Stitching Design Trademark (hereinafter the
7  "Arcuate trademark") which consists of a distinctive pocket stitching design that LS&CO. has used
8  continuously since 1873 in interstate commerce on clothing products.  The Arcuate trademark is
9  federally registered and incontestable.  Examples of LS&CO.'s use of the Arcuate trademark on jeans
10 are attached to the Complaint in this action as Exhibit A, and LS&CO.'s federal and California
11 registrations for the Arcuate trademark are attached to the Complaint as Exhibit B.

12 Defendant Topson Downs of California, Inc. (hereinafter "Topson") is a California corporation
13 with its principal place at 3545 Motor Avenue, Los Angeles, California. LS&CO. alleges that Topson
14 distributes, produces and manufactures or has distributed, produced and manufactured jeans under the
15 brand name "Fire" which are offered for sale or sold in this judicial district.  Topson distributes or has
16 distributed jeans that display stitching designs (the "Topson stitching designs"), examples of which are
17 attached to the Complaint as Exhibit C.

18 LS&CO. alleges that the Topson stitching designs are confusingly similar to LS&CO.'s
19 Arcuate trademark and violate LS&CO.'s rights in this trademark.  LS&CO. alleges trademark
20 infringement, dilution and unfair competition under federal and California law.  Topson denies these
21 federal and state claims and specifically denies that LS&CO's Arcuate trademark is famous or that the
22 Topson stitching designs are the same or are confusingly similar to LS&CO.'s Arcuate trademark or
23 that LS&CO. has any cognizable claims or is entitled to any recovery under the claims contained in
24 the Complaint against Defendant.

25 **a.   The principal factual issues which the parties dispute**

26 The issues (both factual and legal) set forth below are not meant to be final or exhaustive, and
27 the parties reserve their rights to reformulate these issues or include other appropriate issues as they
28 develop or become known to the parties through the course of discovery and investigation.

Furthermore, the characterization of an issue as "factual" or "legal" is not necessarily a concession that it is not the other or both.

    1)     Whether or not Topson's use of the Topson stitching designs is likely to cause confusion, mistake or deception among consumers and potential consumers.

    2)     Whether or not Topson's use of the Topson stitching designs has caused or is likely to cause dilution of LS&CO.'s Arcuate trademark.

    3)     Whether or not LS&CO.'s Arcuate trademark is inherently distinctive or whether consumers or potential consumers recognize LS&CO. as the source of jeans bearing the Arcuate trademark.

    4)     Whether or not LS&CO.'s Arcuate trademark is famous.

    5)     Whether or not Topson intended to cause confusion, mistake or deception among consumers and potential consumers when it adopted the Topson stitching designs.

    6)     The number of units bearing the Topson stitching designs produced and sold by Topson.

    7)     The profits earned by Topson from the sale of units bearing the Topson stitching designs.

**3.**     **Legal Issues**

**a.**     **The principal legal issues which the parties dispute:**

    1)     Whether or not Topson's use of the Topson stitching designs constitutes infringement and dilution of LS&CO.'s Arcuate trademark and unfair competition under the federal Lanham Act, 15 U.S.C. § 1051 *et seq*.

    2)     Whether or not Topson's use of the Topson stitching designs constitutes trademark infringement and unfair competition under California common law and/or Cal. Bus. & Prof. Code §§ 14320, 17200 *et seq*., and dilution of LS&CO.'s Arcuate trademark under Cal. Bus. & Prof. Code § 14330.

    3)     Whether or not LS&CO. is entitled to an accounting of and recovery of Topson's profits on account of the infringement under the federal Lanham Act, 15 U.S.C. § 1117 (a) and/or common law.

**4.     Motions**

There are no pending motions. LS&CO. and Topson anticipate filing a motion for summary judgment.

**5.     Amendment of Pleadings**

At this time, LS&CO. does not expect to add any party to this action or amend its complaint. Topson has not commenced serving discovery in this matter, and it specifically reserves the right to file a third party claim as discovery is completed.

**6.     Evidence Preservation**

LS&CO. has taken steps, including the suspension of normal document destruction programs and placement of a litigation hold for documents, including electronically stored documents, to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document destruction program and any ongoing erasure of emails, voice mails and other electronically recorded materials. Topson likewise agrees to take reasonable steps to preserve relevant documents including electronically stored documents as required under the Federal Rules of Civil Procedure.

**7.     Disclosures**

The parties agree that they will make initial disclosures in compliance with the Court's Order Setting Initial Case Management Conference and ADR Deadlines filed on May 25, 2007.

**8.     Discovery**

No discovery has been taken to date. The parties expect to agree upon a stipulation regarding the entry of a protective order governing documents and information to be disclosed in the course of this litigation. Thereafter, the parties anticipate exchanging document requests and other written discovery and cooperating in arranging depositions of pertinent party and non-party witnesses. The parties have agreed to abide by the discovery limitations set forth in the Federal Rules of Civil Procedure.

**9.     Class Action**

This case is not a class action.

///

///

**10.    Related Cases**

There are no related cases.

**11.    Relief Sought**

Pursuant to 15 U.S.C. § 1117(a), LS&CO. will seek damages in the amount of Topson's profits from the sale of infringing goods. Given that discovery with respect to damages has not yet begun, LS&CO. is unable to compute damages at this time. LS&CO. may seek recovery of extraordinary damages and recovery of its attorneys' fees in the event that discovery shows Topson's conduct to have been willful. LS&CO.'s complaint also seeks injunctive relief.

**12.    Settlement and ADR**

The parties have filed a Stipulation and Proposed Order Selecting Mediation as the ADR process. The parties are discussing settlement.

**13.    Consent to Magistrate Judge for All Purposes**

The parties do not consent to assignment to a Magistrate Judge.

**14.    Other References**

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel of Multidistrict Litigation.

**15.    Narrowing of Issues**

The parties are presently unaware of any issues that can be narrowed by agreement or otherwise, and at this time do not anticipate requesting the Court to bifurcate issues, claims or defenses.

**16.    Expedited Schedule**

Please see response to Number 17 below.

**17.    Scheduling**

The parties propose the following discovery and court dates:

| | | |
|---|---|---|
| Fact Discovery Cutoff: | March 17, 2008 | |
| Expert Disclosures: | ~~April 21, 2008~~ | March 24, 2008 |
| Rebuttal Expert Disclosures: | ~~May 19, 2008~~ | April 21, 2008 |
| Expert Discovery Cut-off: | ~~June 9, 2008~~ | May 19, 2008 |
| Disclosure of Witnesses (case-in-chief): | February 15, 2008 | |

///

| | | | |
|---|---|---|---|
| Last Date for Hearing of Dispositive Motions: | | ~~August 11, 2008~~ | July 7, 2008 at 2:00 p.m. |
| Final Pretrial Conference Date: | | ~~September 8, 2008~~ | August 5, 2008 at 3:00 p.m. |
| Trial Date: | | ~~October 13, 2008~~ | August 26, 2008 at 8:30 a.m. |

**18.    Trial**

The parties have each demanded a jury trial.  The parties expect that the trial will last five to seven court days.

**19.    Disclosure of Interested Persons.**

LS&CO.'s disclosure is contained in the Complaint.  Pursuant to Civil L.R. 3-16, Topson certifies that as of this date, other than the named parties, there is no such interest to report.

Respectfully submitted,

Dated:  September 4, 2007

*/s/ Gia L. Cincone*
Gia L. Cincone
Townsend and Townsend and Crew LLP

ATTORNEYS FOR PLAINTIFF
LEVI STRAUSS & CO.

Dated:  September 4, 2007

*/s/ Luis A. Garcia*
Luis A. Garcia
Ezra Brutzhus Gubner LLP

ATTORNEYS FOR DEFENDANT
TOPSON DOWNS OF CALIFORNIA, INC.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:  September 11, 2007    _____
Hon. Marilyn H. Patel
United States District Judge

*IT IS SO ORDERED*
*Judge Marilyn H. Patel*
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

61142569 v1